08 CV 02847

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
MARTHA RUSS SHIPPING COMPANY LIMITED
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARTHA RUSS SHIPPING COMPANY LIMITED,

                              Plaintiff,

                    v.                                            08 CV _____ (____)

BRANSFORD INTERNATIONAL LIMITED,          **VERIFIED COMPLAINT**
and
QC GROUP d/b/a
QC SHIPPING PTE LTD. and
QC SHIPPING LIMITED and
QC CONTAINER LINES LIMITED,

                              Defendants.
-----------------------------------------------------------------X

        Plaintiff MARTHA RUSS SHIPPING COMPANY LIMITED (hereinafter

"MRS"), by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint

against the defendants, BRANSFORD INTERNATIONAL LIMITED (hereinafter

"BRANSFORD") and QC GROUP, doing business as QC SHIPPING PTE LTD. and QC

SHIPPING LIMITED and QC CONTAINER LINES LIMITED (hereinafter "QC

GROUP"), alleges upon information and belief as follows:

JURISDICTION

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h)

of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and

maritime jurisdiction pursuant to 28 U.S.C. § 1333.

THE PARTIES

2.      At all times material hereto, Plaintiff MRS was and still is a foreign

business entity duly organized and existing pursuant to the laws of St. John's, Antiqua.

3.      The plaintiff MRS is the owner of the vessel M/V MARTHA RUSS, and

the primary business of MRS is to charter the M/V MARTHA RUSS to others for the

carriage of cargo in exchange for payments of hire or freight.

4.      At all times material hereto, defendant BRANSFORD was and still is a

foreign business entity duly organized and existing pursuant to the laws of a foreign

country.

5.      At all times material hereto, the defendant BRANSFORD maintained a

principal place of business in Singapore.

6.      The defendant BRANSFORD is engaged in the business of chartering and

operating vessels for the carriage of goods by sea.

7.      The defendant QC GROUP was and still is a foreign business entity duly

organized and existing pursuant to the laws of a foreign country with an office and place

of business in Chittagong, Bangladesh at Shafi Bhaban (3rd Floor), 1216/a, Sk. Mujib

Road, Agrabad C/A, Chittagong-4000, Bangladesh, but also doing business as QC

Shipping Pte Ltd. from offices at 70 Shenton Way, Marina House, Singapore, 079118.

8.    The defendant QC GROUP is, *inter alia,* engaged in the business of chartering and operating vessels for the carriage of goods by sea.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR BREACH OF MARITIME CONTRACT

9.    On September 7, 2007, plaintiff MRS, as owner of the ocean-going vessel M/V MARTHA RUSS, entered into a charter party contract with defendant BRANSFORD, as charterer, and defendant QC GROUP, as guarantor, whereby defendant BRANSFORD, as guaranteed by defendant QC GROUP, hired the M/V MARTHA RUSS for a time charter period minimum 12 months up to maximum 14 months (hereinafter the "charter party").

10.    The charter party contract between plaintiff MRS and defendants BRANSFORD and QC GROUP is a maritime contract.

11.    The charter party, at clause 30, specified that the M/V MARTHA RUSS was to be supplied with bunkers, *i.e.* fuel, "in accordance with ISO 82171987 RMG35 (IFO 380 CST at 15C) and 'DMB' (MDO) respectively."

12.    The charter party, at Clause 64, specified that "samples [of the bunkers] will be taken by Vessel's personnel and suppliers representative jointly and sealed in the presence of competent representatives of suppliers and the Vessel.  In case of a dispute an analysis of these samples carried out by a mutually agreed fuel analyst, shall be considered as conclusive evidence."

13.    On July 24, 2007, defendant BRANSFORD supplied the M/V MARTHA RUSS with 300 mts of Heavy Fuel Oil during the vessel's call at Chittagong, India (hereinafter the "Chittagong bunkers").

3

14.    However, a sample of the Chittagong bunkers for the M/V MARTHA RUSS indicated that the bunkers supplied failed to meet the specifications of clause 30 insofar as the bunkers significantly exceeded the parameters for ash and water, and marginally exceeded the parameters for aluminum and silicon.

15.    Plaintiff MRS reasonably required the Chittagong bunkers to be removed from the M/V MARTHA RUSS because they could not be used without significant risk of damage to the vessel's main and auxiliary engines.

16.    Defendants BRANSFORD and QC GROUP, in breach of their obligations under the charter party, refused to remove the bunkers.

17.    The parties then agreed to an analysis of a further bunkering sample by Intertek in Singapore, which analysis again confirmed that the Chittagong bunkers were off-specification, this time for viscosity and density.

18.    A third sample was also analyzed by Intertek in Singapore, a testing agency previously agreed upon by the parties, and found the bunkering fuel to be off-specification.

19.    The plaintiff MRS was forced to remove the off-specification bunkering fuel and replace it at its own cost, in breach of clause 64 of the charter party.

20.    The costs to plaintiff MRS of replacing the Chittagong bunkers were at least $110,065.47.

21.    QC GROUP, as guarantor for defendant BRANSFORD, also breached its obligations under the charter party maritime contract, in that QC GROUP did not meet its obligations as a guarantor in this situation where BRANSFORD did not pay to replace the Chittagong bunkers.

22.    Defendant BRANSFORD and defendant QC GROUP's failure to make timely payment for replacing the off-specification bunkers and/or to guarantee the payment for same, constitutes a breach of the charter party and, therefore, plaintiff MRS has a maritime claim against defendants for breach of charter party in the principal amount of $110,065.47.

23.    The maritime contract charter party between the plaintiff MRS and defendants BRANFORD and QC GROUP dated September 7, 2007 provided, at clause 17, that any disputes arising out of the charter party shall be governed by English law and shall be referred to arbitration in London.

24.    Interest and costs, including attorneys' fees, are routinely awarded to the prevailing party in London arbitration because they are recoverable damages in arbitration pursuant to the London Maritime Arbitration Association's rules.

25.    In accordance with the terms and conditions of the charter party, the plaintiff MRS has initiated arbitration proceedings against defendant BRANSFORD in London and intends to initiate arbitration proceedings against QC GROUP in the future.

26.    As best as can now be estimated, the plaintiff MRS expects to recover the following amounts in London arbitration from defendants BRANSFORD and QC GROUP:

| | | |
|---|---|---|
| A. | Principal claim | $110,065.47 |
| B. | Estimated interest on claims: 3 years at 7.5%, compounded quarterly | $ 27,485.16 |
| C. | Estimated attorneys' fees and Estimated arbitration costs/expenses: | $ 50,000.00 |
| **Total** | | **$187,550.63** |

AS AND FOR A SECOND CAUSE OF ACTION
AGAINST QC GROUP AS ALTER EGO

27.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26" of the Verified Complaint as though set forth at length herein.

28.    While defendant QC GROUP is liable to plaintiff MRS because of its guarantee of the charter party maritime contract, in the alternative, plaintiff alleges, upon information and belief, that defendant QC GROUP is liable as the alter ego of defendant BRANSFORD.

29.    At all material times, there existed such unity of ownership and interest between defendant BRANSFORD and defendant QC GROUP that no separation existed between them and the corporate form of defendant BRANSFORD has been disregarded such that defendant QC GROUP primarily transacted the business of defendant BRANSFORD, and, therefore, they are the alter-egos of each other, or vice versa.

30.    At all material times, defendant QC Group chartered the M/V MARTHA RUSS in the name of defendant BRANSFORD such that defendant QC GROUP was the charterer of the M//V MARTHA RUSS.

31.    At all material times, defendant QC GROUP and defendant BRANSFORD have or had overlapping ownership, management, personnel and purposes such that defendant QC GROUP and defendant BRANSFORD did not and do not operate at arms length.

32.    At all material times, defendant QC GROUP and defendant BRANSFORD have had common addresses and common contact information such that

6

the defendant BRANSFORD has or had no independent corporate identity from the defendant QC GROUP.

33.     At all material times, there has been an intermingling of funds between defendant QC GROUP and defendant BRANSFORD as companies controlled by the QC Group paid the time charter hire for the M/V MARTHA RUSS to plaintiff under circumstances where those companies were under no obligation to satisfy the debts of defendant BRANSFORD.

34.     At all material times, defendant QC GROUP has dominated, controlled and/or used the defendant BRANSFORD for its own purposes such that there is no meaningful difference between the several entities, or vice versa.

35.     At all material times, defendant QC GROUP has disregarded the corporate form of defendant BRANSFORD to the extent that defendant BRANSFORD was actually carrying on QC GROUP's business and operations as if the same were its own, or vice versa.

36.     There are reasonable grounds to conclude that the defendant QC GROUP is the alter ego of defendant BRANSFORD and, therefore, Plaintiff MRS has a valid prima facie *in personam* claim against defendant QC GROUP based upon alter ego liability.

37.     The defendant BRANSFORD utilizes the defendant QC GROUP to transfer funds through, to and from the Southern District of New York on its behalf or vice versa.

7

PRAYER FOR RELIEF

38.     Notwithstanding the fact that the liability of the defendants is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant(s) within this District and held by various parties, as garnishees.

39.     Plaintiff MRS believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

40.     As set forth in the accompanying affidavit of Owen F. Duffy, the defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

41.     Because this Verified Complaint sets forth an *in personam* maritime claim against the defendants and because the defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the defendant(s) and/or

8

*quasi in rem* jurisdiction over the property of the defendant(s) so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A.    That the defendant(s) be summoned to appear and answer this Verified Complaint;

B.    That the defendants not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of their assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant(s) within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B to pay for Plaintiff's damages;

C.    That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* **US$187,550.63**, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D.    That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
      March 18, 2008

                              CHALOS, O'CONNOR & DUFFY, LLP
                              Attorneys for Plaintiff,
                              MARTHA RUSS SHIPPING COMPANY
                              LIMITED

By:         _____
                              Owen F. Duffy (OD-3144)
                              George E. Murray (GM-4172)
                              366 Main Street
                              Port Washington, New York 11050
                              Tel:  (516) 767-3600
                              Fax:  (516) 767-3605
                              ofd@codus-law.com

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
MARTHA RUSS SHIPPING COMPANY LIMITED
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARTHA RUSS SHIPPING COMPANY LIMITED,

                    Plaintiff,

          v.

BRANSFORD INTERNATIONAL LIMITED,
and
QC GROUP d/b/a
QC SHIPPING PTE LTD. and
QC SHIPPING LIMITED and
QC CONTAINER LINES LIMITED,

                    Defendants.
----------------------------------------------------------------X
STATE OF NEW YORK    :
                          : ss.
COUNTY OF NASSAU    :

08  CV  _____  (___)

**<u>VERIFICATION</u>**

      BEFORE ME, the undersigned authority, personally came and appeared Owen F.

Duffy who, after being duly sworn, did depose and state:

      1.      That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP,

counsel for the Plaintiff, MARTHA RUSS SHIPPING COMPANY LIMITED, herein;

      2.      That he has read the foregoing complaint and knows the contents thereof;

3.     That he believes the matters to be true based on documents and

information obtained from employees and representatives of the Plaintiff through its

agents, underwriters and attorneys; and

4.     That the reason that this verification was made by deponent and not by the

Plaintiff is because Plaintiff is a foreign corporation, whose officers' verification could

not be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
        March 18, 2008

                                        CHALOS, O'CONNOR & DUFFY, LLP
                                        Attorneys for Plaintiff,
                                        MARTHA RUSS SHIPPING COMPANY
                                        LIMITED


                    By:     _____
                                        Owen F. Duffy (OD-3144)
                                        366 Main Street
                                        Port Washington, New York 11050
                                        Tel:  (516) 767-3600
                                        Fax:  (516) 767-3605


Subscribed and sworn to before me this
March 18, 2008


_____
Notary Public, State of New York

            GEORGE E. MURRAY
        Notary Public, State of New York
                No. 02MU6108120
            Qualified in New York County
        Commission Expires April 12, 2008

2